FOR ELECTRONIC PUBLICATION

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION



Official Time Stamp
U.S. Bankruptcy Court
Northern District of Ohio
July 29, 2009
(10:21am)

| | | |
|---|---|---|
| In re: | ) | Case No. 09-13191 |
| | ) | |
| TRINA C. BURSTON, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |

The debtor, Trina Burston, seeks to have her chapter 13 plan confirmed as filed. The chapter 13 trustee objects, claiming that this below median income debtor has not devoted all of her projected disposable income to her unsecured creditors in her plan, as required by 11 U.S.C. § 1325(b)(1)(B). For the reasons stated below, the objection is sustained and confirmation is denied.

### JURISDICTION

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L), and (O).

### FACTS

The debtor has current monthly income (CMI) of $4,301.00, which is below the applicable median for a family of two in Ohio. This CMI, as stated in line 11 of the debtor's form 22C, is consistent with her gross monthly income listed on schedule I. The debtor's

schedule J shows monthly expenses of $2,845.00.[1] According to I and J, the debtor does not expect her income or expenses to change over the next year. The debtor proposes to pay $2,290.69 to her unsecured creditors over the life of the plan. The trustee objects that this amount is less than the debtor's projected disposable income.

## POSITIONS OF THE PARTIES

While the debtor and the trustee agree that the debtor is required to pay her projected disposable income to the trustee for payment to the unsecured creditors, they disagree as to what that means. The debtor seeks confirmation relying solely on two Sixth Circuit Bankruptcy Appellate Panel decisions, *In re Petro*, 395 B.R. 369 (B.A.P. 6th Cir. 2008) and *In re Thomas*, 395 B.R. 914 (B.A.P. 6th Cir. 2008).[2] The debtor argues that this court's decision in *In re Short*, No. 08-11224, 2008 WL 5751873 (Bankr. N.D. Ohio Sept. 11, 2008), should be reinterpreted in light of those decisions. Under the BAP cases, the debtor argues that her projected disposable income should be determined strictly by reference to schedules I and J. She contends that, for below median income debtors such as herself, CMI and the means test are irrelevant. Because, as a below median income debtor, she "passed" the means test,[3] the debtor asserts that she is not required to pay even one percent to her unsecured creditors. Essentially, the debtor argues that

---

[1] The debtor's *net* monthly income on schedule I is $3,012.00, leaving a difference of $167.00 per month, the amount of the debtor's proposed plan payment.

[2] Docket 19.

[3] "Passing the means test" generally refers to the conclusion that the presumption of abuse does not arise under 11 U.S.C. § 707(b), or that the debtor does not have the ability to repay creditors. *See, e.g., In re Mestemaker*, 359 B.R. 849, 855 (Bankr. N.D. Ohio 2007).

below median income debtors never need to pay a dividend to unsecured creditors, although she is offering to pay one.

The trustee counters that, in accordance with *In re Short*, the debtor must pay her disposable income of $155.48 per month to her unsecured creditors.[4] Because the debtor is a below median income debtor, her plan must run 36 months, and her projected disposable income is determined by multiplying disposable income of $155.48 by the 36 month applicable commitment period, which equals $5,597.28. Because the plan proposes a lesser amount, the trustee contends that it does not meet the disposable income test of 11 U.S.C. § 1325(b)(1)(B).

## DISCUSSION

### A. 11 U.S.C. § 1325

Where a trustee objects to a plan that proposes to pay less than 100% to unsecured creditors, the plan cannot be confirmed unless the debtor applies all of her projected disposable income during the applicable commitment period to pay unsecured creditors. 11 U.S.C. § 1325(b)(1)(B). The parties agree that the debtor's applicable commitment period is 36 months. The dispute here centers on how to calculate disposable income and projected disposable income.

### B. The *Thomas* Decision

The debtor relies on *In re Thomas* for the proposition that the court should look exclusively to schedules I and J to determine the required payment to the chapter 13 trustee and the dividend to unsecured creditors. The *Thomas* decision involved the expense side of the equation for above median income debtors, thus presenting a materially different set of facts. The disposable income for above median income debtors is calculated solely by the means test

---

[4] Docket 20.

3

under § 1325(b)(2) and (3). The *Thomas* debtors argued that they could permissibly deduct payments for collateral they intended to surrender in order to determine their disposable income, and the BAP agreed. *Thomas*, 395 B.R. at 922. Because this debtor is a below median income debtor, and there is no issue regarding expenses, *Thomas* is inapplicable.

The debtor further argues that "[s]ince there is a negative amount on Form 22-C, the Plan payment should generate a dividend of five percent (5%) to unsecured creditors, <u>see In re Thomas</u> at page nine."[5] First, this debtor's disposable income is not determined by form 22C. As a below median income debtor, she is not required to complete the expenses portion of form 22C. Without that section being completed, there cannot be a negative number resulting from subtracting her expenses from her income. Second, *Thomas* does not require a particular dividend to unsecured creditors. A portion of the *Thomas* decision dealing with the calculation of projected disposable income for the above median income debtors calculates the total dividend to unsecured creditors by multiplying the plan payment by the applicable commitment period. Likewise, this debtor must commit her disposable income of $155.48 per month over the entire 36 month applicable commitment period. *Thomas* does not, therefore, support the proposition that a below median income debtor need pay only a 5% dividend.

### C. Disposable Income for Below Median Income Debtors

Disposable income for all chapter 13 debtors is calculated by the formula provided in 11 U.S.C. § 1325(b)(2)(A)(i). Expenses "reasonably necessary to be expended for the maintenance or support of the debtor" are subtracted from CMI to arrive at the debtor's disposable income. *Schultz v. U.S.*, 529 F.3d 343, 348 (6th Cir. 2008), *cert. denied* 129 S.Ct. 742 (Sept. 17, 2008);

---

[5] Docket 19 at 3.

4

09-13191-pmc    Doc 27    FILED 07/31/09    ENTERED 08/01/09 01:24:04    Page 4 of 9

*Coop v. Frederickson (In re Frederickson)*, 545 F.3d 652, 654 n.1 (8th Cir. 2008), *cert denied* 129 S.Ct. 1630 (Oct. 27, 2008); *Hamilton v. Lanning (In re Lanning)*, 545 F.3d 1269, 1275 (10th Cir. 2008), *petition for cert. filed* 77 USLW 3449, No. 08-998 (Feb. 2, 2009); *Hildebrand v. Kimbro (In re Kimbro),* 389 B.R. 518, 521 (B.A.P. 6th Cir. 2008); *Kibbe v. Sumski (In re Kibbe)*, 361 B.R. 302, 307 (B.A.P. 1st Cir. 2007). Therefore, contrary to the debtor's position, CMI as defined in 11 U.S.C. § 101(10A), is a statutorily mandated component of disposable income for both above and below median income debtors. *See Petro*, 395 B.R. at 374; *see also Frederickson, Lanning, Kibbe, supra*. The only difference in calculating disposable income for an above median income debtor and a below median income debtor is determined on the expense side of the equation. *In re Girodes*, 350 B.R. 31, 36 (Bankr. M.D.N.C. 2006), quoting *In re Meek*, 370 B.R. 294, 299 (Bankr. D. Idaho 2007), *abrogated on other grounds by Maney v. Kagenveama (In re Kagenveama)*, 541 F.3d 868 (9th Cir. 2008); *see also Schultz*, 529 F.3d at 348.

This is one of the conclusions reached in *In re Short*. There, the chapter 13 trustee challenged one of the below median income debtor's expenses. This court held, in part, that the disposable income of a below median income debtor is determined by subtracting from CMI those expenses reasonably necessary for the maintenance or support of debtors or their dependents, and found that the challenged expense was appropriate under the circumstances of the case. Neither *Thomas* nor *Petro* decided how to calculate disposable income or projected disposable income for below median income debtors. Those cases do not, therefore, call for a reinterpretation of *Short*, nor are they applicable here.

5

### D. Projected Disposable Income and the *Petro* Decision

The debtor argues that because she passed the means test, form 22C is irrelevant to determining projected disposable income. As discussed above, the CMI figure from form 22C is necessary to determine disposable income. 11 U.S.C. § 1325(b)(2). The unsettled issue is how that disposable income figure is utilized in determining *projected* disposable income. This court, in *Short*, adopted the plain meaning line of cases to conclude that projected disposable income for a below median income debtor is the product of that debtor's disposable income multiplied by the applicable commitment period. Later, the *Petro* decision adopted the forward-looking definition for above median income debtors, finding that where there is a material difference in a debtor's income because of "foreseeable changes in circumstances in income during the plan commitment period," the disposable income number from form 22C is subject to challenge. *Petro, supra*, citing *In re Kibbe*, 361 B.R. at 314-15.[6] Where, as in this case, there are no foreseeable changes in the debtor's financial circumstances, the two approaches have the same result. Thus, even if *Petro* were relevant, it would not call for a different result under the facts presented here.

### E. Calculation of the Debtor's Disposable Income

Under *Short*, the reasonably necessary expenses of a below median income debtor for purposes of disposable income include schedule J expenses, plus other expenses which are reasonably necessary for the maintenance or support of the debtors and their dependents, all of

---

[6] The Sixth Circuit has agreed to hear the issue of how projected disposable income for an above median income debtor should be calculated. *Darrohn v. Hildebrand (In re Darrohn)*, No. 08-09075 (Bankr. M.D. Tenn. Dec. 23, 2008), *appeal docketed*, No. 09-5499 (6th Cir. Apr. 23, 2009).

which are subject to review by the court. The court finds that the debtor's reasonably necessary expenses as listed on schedule J total $2,845.00. In addition, another $1,289.00 must be subtracted from the debtor's CMI as reasonably necessary expenses, itemized as follows:

- $614.00[7] for payroll taxes and social security;
- $189.00 for insurance;
- $57.00 for union dues; and
- $429.00 for PERS.

Further, an additional $11.52 must be subtracted for the administrative expenses of the chapter 13 plan. Adding the amount of expenses on schedule J to the amount of other reasonably necessary expenses as itemized above, the debtor's expenses reasonably necessary to be expended for her maintenance and support total $4,145.52. Subtracting this figure from the debtor's CMI of $4,301.00 equals disposable income of $155.48. Because the debtor is required to commit all of her disposable income of $155.48 per month over the applicable commitment period of 36 months to unsecured creditors, she is required to pay them at least $5,597.28.

---

[7] This figure is calculated by subtracting from line 4.a. of schedule I ($705.00) the amount of $91.00 listed on line 13. of schedule I, for "pro-rated tax refund." This is consistent with permitting the debtor to deduct from CMI only those expenses which are reasonably necessary for their maintenance or support, and that of their dependents. *See In re Short*. Excess tax withheld is, by definition, not necessary.

7

## CONCLUSION

The debtor's chapter 13 plan, which proposes to pay her unsecured creditors only $2,290.69, does not satisfy 11 U.S.C. § 1325(b). As a result, the chapter 13 trustee's objection to confirmation is sustained, and confirmation is denied. A separate order consistent with this opinion will be entered.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

09-13191-pmc    Doc 27    FILED 07/31/09    ENTERED 08/01/09 01:24:04    Page 8 of 9

# CERTIFICATE OF NOTICE

```
District/off: 0647-1          User: gnunn              Page 1 of 1              Date Rcvd: Jul 29, 2009
Case: 09-13191                Form ID: pdf977          Total Noticed: 3

The following entities were noticed by first class mail on Jul 31, 2009.
db           +Trina C. Burston,   1541 E. 256th Street,   Euclid, OH 44132-2711
ust          +Cynthia J. Thayer,   US Department of Justice,   201 Superior Avenue,   Suite 441,
               Cleveland, OH 44114-1234
cr           +PRA Receivables Management LLC,   POB 41067,   Norfolk, VA 23541-1067

The following entities were noticed by electronic transmission.
NONE.                                                                                               TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jul 31, 2009**                         Signature:         *Joseph Speetjens*